# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT



RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2022 JUN -3 PM 12: 53

| | |
|---|---|
| MARY LEE KAHLER | Case No. 22-1136 |
| Plaintiff - Appellant, | (1:20-cv-01536-WJM-STV) |
| v. | (1:18-cv-03162-WJM-KMT) |
| WALMART, INC | Appellant's Opening Brief |
| Defendant/Respondent - Appellee. | |

---

## APPELLANT'S OPENING BRIEF

---

While employed at Walmart, Mary Kahler requested and took 3 days leave under the Family and Medical Leave Act ("FMLA") to care for her qualified, hospitalized family member. Immediately upon her return from FMLA leave, her employer, Walmart, Inc., changed her schedule then two months later, terminated her employment. Walmart claimed that it was a 'legitimate business decision' to terminate Mary based on excessive absence and tardies. After filing an EEOC charge of age and disability discrimination, Mary sued Walmart, alleging discrimination and retaliation under Title VII, ADA, ADEA and the FMLA, that resulted in wrongful

termination. The district court granted judgment in favor of Walmart in case 1:18-cv-03162-WJM-KMT *on certain claims*, concluding, erroneously, that Mary had not proven ADA or ADEA discrimination in respect to her 'failure to rehire claim.' However, because a 'reasonable jury' could potentially find that Walmart interfered with Mary's FMLA leave, the wrongful termination, retaliation, interference claim, and others were dismissed *without* prejudice. Because no settlement conference or trial were allowed by the Court, Mary contacted the Pro Se Clinic and made a Motion for Appointment of Counsel, for assistance based on the complexity of the case and her lack of legal knowledge. She then asked respectfully for Rule 59 Reconsideration. While awaiting determination from the Court on reconsideration, Walmart's Counsel emailed Mary threatening to come after her and her family for 'significant litigation costs' if she didn't give up this lawsuit, never reapply for employment at Walmart, agree that all monies had been paid to her, among other things. These threats and intimidation renewed the adverse employment actions that Walmart was originally accused of and were in fact guilty of. Mary had an active Walmart application on file at the time the threats were made. Walmart is guilty of retaliation within that very statement. 'Never reapply again' and 'you must give up the lawsuit.' That is denying employment *because* she exercised her right to file a lawsuit for discrimination under Title VII, ADA. ADEA, and the FMLA, among other charges.

## Standards of Review

On questions of law, Mary asks the court review her case de novo: 'a second time, as if it had not been previously heard nor decided.' Mary acknowledges the importance of Standards of Review and citing of Authorities, however her skills are lacking in this area.

Where the court has questions of fact, the case is "reviewable for clear error." Mary's statements are true and "has presented sufficient facts, which, if taken as true, would indicate that a violation of law had occurred or that the claimant was entitled to a legal remedy." Mary will ask the court to take credibility determinations into account when resolving relevant factual disputes.

On matters of discretion, where COVID-19, the retirement of a judge in her case, or any other issue that may have had effect on administration of Mary's case, she requests review under Abuse of Discretion; An issue on which the trial court has discretion will be reviewed for an abuse of discretion. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). This standard is often used when the issue concerns the district court's ability to administrate cases and manage its docket.

## Statement of the Case

Following the filing of an EEOC charge and acquiring a Right to Sue Letter, Mary Lee

Kahler filed a Complaint # 18-cv-03162-WJM-KMT alleging violations of Title VII,

ADEA, ADA and FMLA laws. On January 13th and 16th 2020, Walmart sent Mary

threatening emails, in February 2020 an EEOC charge of retaliation was filed, Mary

received her Right to Sue letter and case 1:20-cv-01536-WJM-STV(KMT) was filed in

May 2020. Complete document file is available electronically.

**2.  Statement of Facts Relevant to the Issues Presented for Review.**

The Plaintiff worked at Walmart for two years. She verified time off with management.

After returning from caring for qualified relative, HR denied authorization for the

absence. (Violation of FMLA, interference claim under § 2615(a)(1), retaliation claim

under § 2615(a)(2))

Two months later she was terminated for excessive absence or tardies. (Retaliation)

An EEOC complaint was filed. Walmart, GM Jonna Leggitt, and Randi Hiller of Littler

Mendelson submitted a defamatory letter to the EEOC then refused mediation.

Walmart refused to rehire this well-qualified applicant. Complaint #1:18-cv-03162-

WMJ-KMT was filed for age and disability discrimination, wrongful termination,

retaliation, and violations of FMLA laws. Age and disability charges were dismissed with

prejudice. Other charges including retaliation and FMLA violations were dismissed

without prejudice.

A second EEOC complaint was filed February of 2020 claiming Retaliation for the legally protected right of requesting and taking a family leave day, interference of FMLA, and retaliation for filing an EEOC Complaint and filing a lawsuit against Walmart. (Protected activities)

Walmart's denial of FMLA led directly to wrongful termination in the first place, which is interference of the right to family leave. The motivation necessary for retaliation was proven by the intentional change in schedule which caused additional tardies due to interference of other family obligations. Mary is recently learning about the different standards between *interference* and *retaliation*.

Walmart's refusal to rehire is an adverse employment action which is ongoing retaliation for participating in the lawfully protected activity of filing an EEO complaint and then a lawsuit. The FMLA *interference* and the damaging *schedule change* are what *caused* Walmart's erroneous allegation of her being 'undependable,' which *cost* her employment.

On January 13 and January 16, 2020, Walmart, through their Counsel, threatened Mary saying, "I don't want to come after you and your family [for significant costs] but will if necessary." And that she "must 1) agree to drop the lawsuit, 2) never disparage Walmart, 3) never apply for employment again, 4) agree that all monies due to her have been paid 5) among other things" in a 'settlement' of this kind.

**3.      Statement of Issues.**

**a.      First Issue:**

Show specifically how it is legal in employment law for Walmart, Inc to deny a qualified,

63-year-old employee her right to request and use FMLA, (Family Medical Leave Act.)

**Argument and Authorities:**

*In Janczak v. Tulsa Winch, Inc., the US Court of Appeals for the Tenth Circuit held that*

*resolving a Family and Medical Leave Act (FMLA) <u>interference claim</u> depends on*

*whether an employee's leave was causally connected to his termination, whereas*

*resolving a <u>retaliation claim</u> depends on whether the employer's explanation was mere*

*pretext for its true, retaliatory motive. Since the showing required is different for each*

*claim, summary judgment does not necessarily have to be granted or affirmed on both*

*claims.*

\* This order and judgment is not binding precedent. **It may be cited, however, for its**
**persuasive value** consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. FILED United
.States Court of AppealsTenth Circuit July 30, 2015

**b.      Second Issue:**

Show how it is legal to terminate that employee for taking one day of Family Leave

to attend to a hospitalized family member. Is it legal to change employee's schedule,

(making it more difficult to take care of other family members) in retaliation for

requesting and taking family leave?

### Argument and Authorities:

*On July 30, 2015, in Janczak v. Tulsa Winch, Inc., the US Court of Appeals for the Tenth Circuit held that resolving an FMLA interference claim involves an inquiry into whether an employee's taking of FMLA leave was causally connected to his termination, whereas resolving an FMLA retaliation claim involves an inquiry into whether the employer's explanation for terminating the employee was mere pretext for its true, retaliatory motivation. Since the showing required is different for each type of claim, it is possible that summary judgment be granted/affirmed to an employer on a retaliation claim but not on an equivalent interference claim. (No. 14-5071, (10th Cir. July 30, 2015).)*

In this example *in theory*, it is *possible* to show two separate conclusions. In this plaintiff's case, *neither interference nor retaliation* was fairly and adequately resolved. Mary's previously submitted evidence clearly shows Walmart guilty of both charges.

### c.     Third Issue:

Walmart was aware of and intentionally 'concealed' detrimental information. State whether accommodation denial qualifies as 'retaliation' within employment law. Show whether this employee participated in protected activities.

### Argument and Authorities:

Resolving the retaliation claim involves an inquiry into *motivation*: whether

Walmart's proffered rationale for terminating Mary was mere pretext for its true,

retaliatory motivation. Establishing facts:

- Within her first year of employment with Walmart, Mary suffered an age
  related musculoskeletal condition which required extensive repair and
  recovery time.

- Upon her return to work, she was *denied accommodation* with the threat of
  termination if it was requested as described in narrative below at **h. ADA
  Interference Provision**.

- **Mary complained of lack of accommodation in parking and cart use**.

- Should these facts have been sufficient to survive a Rule 12(b)(6) in the
  first complaint? The *fact* that it happened establishes motivation.

**d.      Fourth Issue:**

Show how she experienced adverse employment actions because of those protected

activities (of requesting accommodation, of requesting family leave, reapplying for

employment, filing an EEO complaint and later filing a lawsuit.)

**Arguments and Authorities:**

Retaliatory actions are broadly defined to harassing behavior, significant changes to job duties, shifts or working conditions, and even threats to take personnel actions. The Littler letter to the EEOC contained defamatory statements by Walmart. In a libel/ defamation lawsuit, (per se or per quod) a Plaintiff may prevail when:

- A former employer wrote false or intentionally misleading statements in a letter of reference about a person's qualifications or ability to perform their job
- A former employer made false statements about an employee in a public or semi-public forum (Discussed Pg. 12 @ 45. of Complaint 1:20-cv-01536-WJM-STV)

Both of these statements apply to Mary's EEO case. The result of that case, which remained dormant, hidden in EEOC's (Sandra Nakata's) 'back burner' for nearly two years was harmful to the Plaintiff's overall success in proving discrimination and retaliation. The delay in presenting Walmart's Littler letter and the charge results to Mary caused damaging, devastating statute of limitation issues that were used against her.

**An employee who wins a defamation lawsuit may be able to recover damages for any financial losses, emotional distress, and in certain particularly egregious cases, punitive damages.**

Within the context of this retaliation lawsuit, the 'Elements of a Defamation Lawsuit' are here shown as further evidence of Walmart's retaliatory behavior. **7A COPRAC 32.2.**

Each state has its own defamation law, which sets forth what employees must prove to win their cases. In general, an employee must prove these elements:

**(1) the employer made a false statement of fact about an employee**; Walmart Management told Atty. Randi Hiller of Littler Mendelson that Mary had no disabilities (she does) and that her age (63) was not a factor, they said she was 'undependable' and that was their 'legitimate business' reason for terminating her.

**(2) the statement was published, and it was actually transmitted to somebody else**; the statement was published and presented to the EEOC who was in charge of determining the validity of Mary's charge. The false statements swayed the decision of EEO staff. Mary was given no chance to challenge the allegations.

**(3) the employer knew or should have known of the falsity of the statement;** Walmart knew that the statement was false from their own internal record of Mary's raises, favorable reviews, excellent attendance, and lack of 'coachings.'

**(4) the statement wasn't privileged;** the letter was only concealed from the Plaintiff who should have had immediate access to it, but didn't, and

**(5) the employee suffered actual harm because of the statement;** the harm suffered was extreme and devastating to her case, from instigating statute of limitations on various charges to libelous comments overshadowing her actual

respectable employment record.

e.    **Fifth Issue:**

State the elements for proving retaliation. State how this case conforms or not to those

elements. What is missing to prove retaliation? How can Walmart's actions be legal?

**Arguments and Authorities:**

First, considering Mary's FMLA interference claim under § 2615(a)(1), please note that:

- The three necessary elements of an FMLA interference claim are that:

    - the employee was entitled to FMLA leave;

    - adverse action by the employer interfered with the employee's
      right to take FMLA leave; and

    - the employer's action was related to the exercise or attempted
      exercise of her FMLA rights.

  (*DeFreitas v. Horizon Inv. Mgmt. Corp., 577 F.3d 1151, 1159 (10th Cir.
  2009)*).

- If an employee demonstrates the first two elements, the **employer bears the
  burden** of demonstrating that the adverse action was <u>not</u> related to the
  exercise of the employee's FMLA rights (*Dalpiaz v. Carbon Cnty., Utah,
  760 F.3d 1126, 1132 (10th Cir. 2014)*).

- The proof is in the fact that the first two days of her leave were authorized
  but the third day, which was consecutive and for the same event was not
  authorized and was therefore counted as an absence occurrence which
  caused her termination.

- Resolving the interference claim involves an inquiry into whether Mary's taking of FMLA leave was causally connected to her termination.

**f.    Sixth Issue:**

Is it legal to deny employment to an otherwise qualified applicant on the basis of age, disability, or participation in a protected activity such as lawsuits and EEOC complaints?

**Arguments and Authorities:**

Second, considering Mary's FMLA retaliation claim under § 2615(a)(2), please note that:

- It analyzes retaliation claims using the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green* (*411 U.S. 792 (1973)*).

- To prove a prima facie retaliation claim, Mary must show:

  - that she engaged in a protected activity (taking FMLA leave); opposition to their suggestion that she was not eligible.

  - that her employer took an action a reasonable employee would have found materially adverse (terminated her); and

  - a causal connection between the protected activity and the adverse action (that unauthorized absence caused termination).

- The temporal proximity between Mary's leave and her firing, combined with the other evidence consisting of good reviews, raises, lack of 'coaching's' (any kind of discipline) and being replaced by younger applicant's was sufficient to establish a prima facie case of retaliation.

- Walmart did <u>not</u> satisfy its burden of articulating a legitimate, nonretaliatory reason for terminating Mary. Walmart terminated her under the defamatory, pretext of her being 'unreliable,' which is demonstrably false and constitutes a retaliatory basis for termination.

- Mary showed that the stated reason was pretext. Like her detailed explanation of why Walmart's conduct constituted interference, her argument concerning pretext was not only limited to temporal proximity, but also included her age, disability, and a change in her schedule, which is sufficient to prove retaliation.

**g.     Seventh Issue:**

Walmart turned *intimidation* to 'come after her and her family' into further *retaliation* when their *threats* were expanded to "drop the lawsuit, not disparage, never reapply, agree that all monies have been paid, among 'other things.'" (Without any relief or a consideration to Mary.)

**Arguments and Authorities:**

Considering Mary's second EEOC charge, please note from <u>eeoc.gov</u> website:

*The EEO laws prohibit punishing job applicants or employees for asserting their rights to be free from employment discrimination including harassment.  Asserting these EEO rights is called "protected activity," and it can take many forms.  For example, it is unlawful to retaliate against applicants or employees for:*

- *filing or being a witness in an EEO charge, complaint, investigation, or lawsuit*

- *refusing to follow orders that would result in discrimination*

- *requesting accommodation of a disability or for a religious practice*

*Participating in a complaint process is protected from retaliation under all*

*circumstances. Other acts to oppose discrimination are protected as long as the*

*employee was acting on a reasonable belief that something in the workplace may violate*

*EEO laws, even if he or she did not use legal terminology to describe it.*

The three necessary elements of a retaliation claim are:

- Protected activity
- Adverse action
- Causal connection
    - the applicant **participated in the protected acts** of filing an EEO charge of retaliation, then proceeding with a legitimate lawsuit; and
    - **adverse action by the employer** consisted of refusing to hire, interfering with the applicant's EEO rights by telling her she 'must release that lawsuit' with no relief granted; and
    - the **employer's action was related** to the exercise or attempted exercise of her EEO rights as literally spelled out in Walmart's January 13 and 16th 2020 email's.

Walmart may have thought those emails were 'normal litigation bluster' however, after

experiencing the wrongful termination, no offer to be rehired, the trauma of bankruptcy,

the lasting debt that bankruptcy didn't remove, no other job offers because of age and

disabilities, the thought of any further financial damage to her family or further loss of

any remaining financial security was unbearably intimidating and psychologically damaging.

### h.    Eighth Issue:

Walmart violated employment laws which caused harm to the Plaintiff.

#### Arguments and Authorities:

Retaliation is an action that gets back at someone for what they already did.

Retaliation is an action that harms another by engaging in conduct that threatens another for anything lawfully done in the capacity of a witness, victim, or party.

If a trial by jury had been granted, Mary would have offered:

- sufficient evidence for a reasonable jury to conclude that Walmart *interfered* with her right to request and take FMLA leave; and

- sufficient evidence for that jury to conclude that denial of that leave played a causal role in her termination; and

- sufficient evidence for that jury to conclude that the motivation for terminating her was *retaliatory*.

- sufficient evidence for that jury to conclude the following ADA narrative would also constitute *interference* with the exercise of ADA rights

## III. ADA INTERFERENCE PROVISION

*The ADA prohibits not just retaliation, but also "interference" with the exercise or enjoyment of ADA rights. The interference provision is broader than the anti-retaliation provision, protecting any individual who is subject to coercion, threats, intimidation, or interference with respect to ADA rights.*

The Walmart supervisor told Mary that she cannot be seen using a cart or request the use of a cart as an accommodation after returning from knee surgery or Jonna (GM) would fire her! The supervisor's threat constitutes interference with the exercise of ADA rights in violation of the statute, even if not accompanied or followed by any adverse action.

If a trial by jury had been granted in the second complaint, Mary would have offered:

- sufficient evidence for a reasonable jury to conclude that Walmart interfered with her right to participate in the protected activity of filing EEO charge and lawsuit;

- sufficient evidence for that jury to conclude that the adverse actions of refusing to rehire, threatening her and her family with financial harm, threat to not disparage Walmart, (even though they had disparaged her) and more; and

- sufficient evidence for that jury to conclude that the motivation for the threats against her was *retaliation* for participating in a legally protected activity.

On May 18, 2022, Jessica from a Pueblo Colorado Walmart store called Mary at 1:34 PM to ask if she was still interested in employment at Walmart. The call from 719-561-8495 lasted 6 minutes. Jessica and Mary discussed the offer for 'evening zoning' position in general housewares, sporting goods, etc., with a suggestion of 4-10 PM, 6-11PM and 3 or 4 days a week. Mary was very interested except for the length of the drive to get to that store, estimated to be about 1 hour 22 minutes.

Jessica, who was very friendly and upbeat, was also concerned and even brought up the issue of weather. She said they are very strict concerning tardies and attendance in general, in fact that was the reason for their need for new employees. She suggested Mary call and apply to the Walmart nearer to her in La Junta. Mary told her in all honesty that was why she had applied to Pueblo stores *in addition* to the La Junta store; that they had terminated her because she had taken a family leave day. Mary asked for an interview.

Mary asked if she could possibly send an email of the result of their conversation. Jessica said she would have to ask her HR person to see if that was allowed; then she abruptly left the conversation. Denied Mary an interview. Should Mary have lied?

This is direct real life evidence of the long-lasting harm that is still being felt from the termination of the Plaintiff on April 3. (See 'rehirable' exhibit) It is proof that Walmart is still retaliating every chance they get.

*Walmart fired Mary under the pretext of poor attendance after she requested and took one day of family leave then complained to HR and her general manager of that day not being authorized. See Rule 29 C.F.R. §§825.214-825.219*

This is relevant new evidence which could not have been known when filing complaint but is an important element when considering grounds for relief.

**B. Right to Reinstatement** *(Lorman Education Services2022)*

*Upon return from FMLA leave, an employee is entitled to be returned to the same position the employee held when the leave commenced or to an equivalent position with equivalent benefits, pay, duties, hours, responsibilities and other terms and conditions of employment. 29 C.F.R. §§825.214-825.219.* **The requirement that an employee be restored to the same or to an equivalent position includes overtime opportunities, <u>shifts, schedules</u>, and the right to be restored to the same or geographically proximate worksite.**

**At the end of a leave, benefits must be resumed in the same manner and at the same levels as provided when the leave began.** *Employees cannot be required to requalify for any benefits. Accordingly, employers may find it necessary either to modify some benefit plans or programs in order to be able to restore employees to equivalent benefits or to make arrangements for continued payment of costs to maintain such benefits during*

*family leave. However, the employer must meet the obligations of the Americans with Disabilities Act, e.g., reasonable accommodations.*

Walmart must be held accountable for the actions of all upper management decisions as well as all attorney representation's actions.

Walmart is determined to persist, double-down on *interference, harassment, libel, adverse employment actions* and *retaliation* instead of accepting that their people (Human Resources and General Manager) at store #1384 and Walmart counsel (Littler Mendelson and Baird Quinn) *made mistakes* that are violations of employment law in this particular case. The facts are clear.

Mary understands that is not up to the Court to 'make her case.' But *one person* should not destroy a case with this much factual evidence of misconduct by a defendant.

**4.   Do you think the district court applied the wrong law?  If so, what law do you want applied?** The laws that were specifically put in place by Congress to protect employees should not be overpowered by procedural issues which favor the more powerful, well represented corporation to the detriment of an unrepresented, less knowledgeable victim. In the opinion of many, the controversial *Rule* 12(b)(6) that was used to distract, delay and confuse the issues should be removed from rules of civil procedure. A 'failure to state a claim' should not have more power and influence than violations of Title VII or the ADA or the ADEA or FMLA laws, however awkwardly or inelegantly the charge is made. The 'doctrine' or 'concept' of *res judicata* must be *inferior* to actual laws, not used to escape legal accountability. *Res judicata* did not preclude these claims because the 'dismissal' was without prejudice and not based on the *merits* of the claims. Walmart continues to commit retaliatory abuses that continue to harm this Plaintiff.

**5. Did the district court incorrectly decide the facts? If so, what facts? Yes.** The facts as stated in the EEOC charges, and the Complaints of both cases are true. Walmart interfered with Mary's exercise of ADA and FMLA rights, they wrongfully terminated her, they refused to rehire, they interfered with her right to participate in the protected activity of filing an EEOC charge and a lawsuit in federal court. This is an extensive pattern of retaliatory behavior which requires relief for the victim. Mary made a Motion for Appointment of Counsel twice. The first time was for the first case because of complexity of case and the Plaintiff's inexperience. No representation was found by the Court. The second Motion for Appointment of Counsel was denied in the second case. The fact of interference for the FMLA charge was obviously decided incorrectly. The above paragraph on ADA Interference Provision which prohibits not just retaliation, but also "interference" with the exercise or enjoyment of ADA rights would have affirmed disability discrimination retaliation and interference. The email stating *intentionally*, in written form, interference of participation in a protected activity, adverse employment actions, and the causal connection between the protected activity and 'never reapply for employment' in the same sentence. In the same email. All three essential elements for a claim of retaliation. The factual, *pattern* of interference, harassment, adverse actions, and retaliation is borne out by the evidence over and over.

**6.   Did the district court fail to consider important grounds for relief?  If so, what grounds?** The court may relieve a party from final judgement for **1) mistake** – Walmart IS guilty of retaliation.  **2) newly discovered evidence** – New proof of failure to rehire. **3) misconduct by opposing party** – Baird Quinn should not have threatened Mary. **6) any other reason that justifies relief** – The extensive repetition of intentional adverse employment actions by Walmart against Mary should shift the burden of proof to the Defendant to show ANY evidence that her FACTS are not accurate.

**7.   Do you feel that there are any other reasons why the district court's judgment was wrong?  If so, what?** Yes. The District Court didn't have the opportunity to judge Mary's credibility or the *lack* of credibility of the other parties involved because the Court denied a settlement conference or jury trial or any 'in-person' alternative dispute resolution process (ADR). Walmart should have agreed to mediation at the EEOC level.

**8.   What action do you want this court to take in your case?** Reverse and Render, if this court can see the mistakes made in all the previous judgements and correct them. Or possibly Reverse and Remand if it can be guaranteed that a new judge with guarantee of a jury trial. Reverse and Remand with specific instructions for corrections to provide relief to the Plaintiff. A fair discussion with this Court is requested to explain these or any other appropriate options. Ultimately, grant the requested financial relief to this Plaintiff.

**9.    Do you think the court should hear oral argument in this case?  If so, why?** Yes.

Mary didn't have the opportunity to litigate her case in the presence of an unbiased jury.

The case has been 'decided' by a single attorney against a pro se fitting room associate.

Answer her questions. Bring a Walmart representative (not their attorney) to face the

Court and the Plaintiff. She needs the Court to arrange relief. Help her understand why

she sees this as wrongful termination, retaliation, defamation, harassment, and violations

of employment law, yet the District Court didn't. All charges have merit and should not

be decided only on procedural issues. The narrative forming the basis of this lawsuit is

factually intensive, and Plaintiff respectfully suggests that the Court would benefit from

hearing her explain certain details that may shed further light upon the evidence since no

trial was offered. Tone, inflection, credibility, and other information that would have

been gained from having heard the witnesses testify are lost in the cold record, and some

further explanation beyond that contained in the written briefs would benefit the Court in

these proceedings. Plaintiff seeks a reversal of the 'trial' court based upon the application

of the facts in this case to the law in addition to legal errors committed by the 'trial'

court, and it is an understanding of the nuances in the facts of this matter that oral

argument would benefit.

___6/03/2022_____                    _____Mary Lee Kahler _~signature~_
Date mailed                                         Signature

**A-12**  Appellant/Petitioner's Opening Brief – 12/16                    Page 23

## CERTIFICATE OF SERVICE

I hereby certify that on _____6/6/2022_____ I sent a copy of
(date)
the Appellant/Petitioner's Opening Brief to ___Baird Quinn, LLC_____

Counsel for Walmart, Inc_____, at _____JMB@bairdquinn.com
(Opposing Party or Attorney)
___    BDQ@bairdquinn.com            _____, the last known

address, by ___email_____.
(state method of service)


___06/06/2022_____          _____Mary Lee Kahler_____
Date                                Signature


---

## CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my
Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total
number of pages exceeds 30, I certify that I have counted the number of words and
the total is    4806        , which is less than 13,000.  I understand that if my
Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be
stricken and the appeal dismissed.


___06/06/2022_____          _____Mary Lee Kahler *Mary Lee Kahler*
Date                                   Signature

**P**

US POSTAGE

**$8.95**

Origin: 81050
06/02/22
0752920778-01

## PRIORITY MAIL 2-DAY®

0 Lb 6.80 Oz

**1006**

EXPECTED DELIVERY DAY: 06/04/22

SHIP
TO:

DENVER CO 80257

### USPS TRACKING® #



9505 5116 3407 2153 3968 78

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2

PS00001000014

---

**PRIORITY**
**★ MAIL ★**


**UNITED STATES**
**POSTAL SERVICE®**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: MARY KAHLER

7 TRAIL RD

LA JUNTA, CO
81050

TO: U.S. COURT OF APPEALS
FOR THE 10TH CIRCUIT
OFFICE OF THE CLERK
BYRON WHITE US COURTHOUSE
1823 STOUT ST.
DENVER, CO
80257

Label 228, March 2016            FOR DOMESTIC AND INTERNATIONAL USE

Scanned by
US Marshal

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.