**CASE NO. 22-1136**

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

MARY LEE KAHLER,

Plaintiff-Appellant,

v.

WALMART INC.,
Defendant-Appellee.

---

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge William J. Martinez
No. 20-cv-01536-WJM-KMT

---

# BRIEF OF APPELLEE WALMART INC.

---

BAIRD QUINN LLC
J. Mark Baird
Beth Doherty Quinn
2036 East Seventeenth Street
Denver, CO  80206
Telephone: (303) 813-4500
Facsimile:  (303) 813-4501
E-Mail:     jmb@bairdquinn.com
            bdq@bairdquinn.com

*Attorneys for Defendant-Appellee Walmart Inc.*

Oral Argument is not requested.

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Appellee Walmart Inc. ("Walmart") states that: (1) it is a corporation organized under the laws of the State of Delaware; and (2) no publicly held corporation owns ten percent or more of its stock.

Respectfully submitted this 7th day of July, 2022.


Respectfully submitted,

s/ *J. Mark Baird*
BAIRD QUINN LLC
J. Mark Baird
Beth Doherty Quinn
2036 East Seventeenth Street
Denver, CO  80206
Telephone: (303) 813-4500
Facsimile:  (303) 813-4501
E-Mail: jmb@bairdquinn.com
          bdq@bairdquinn.com

*Attorneys for Defendant-Appellee Walmart Inc.*

# TABLE OF CONTENTS

**PAGE**

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . .    ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    v

STATEMENT OF PRIOR AND RELATED APPEALS . . . . . . . . . . . . .    1

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

1.    Ms. Kahler waived any argument that the district court
      erred in finding that her claims are barred by the
      doctrine of res judicata . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

2.    The district court correctly found that Ms. Kahler's . . .
      claims are barred by the doctrine of res judicata . . . . . . . . . . . . . . .    14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . .    22

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    22

CERTIFICATE OF DIGITAL SUBMISSION . . . . . . . . . . . . . . . . . . . . .    24

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . .    25

**ATTACHMENTS**

Attachment 1, Order Adopting May 10, 2021 Recommendation
  of United States Magistrate Judge, filed August 17, 2021,
  [Doc. 67], Apdx pp. 427-437 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

Attachment 2, Final Judgment, filed August 17, 2021 [Doc. 68].
  Apdx pp. 438-439 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Adler v. Wal-Mart Stores, Inc.,*
      144 F.3d 664 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Alvarado v. KOB-TV, LLC,*
      493 F.3d 1210 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Anderson v. Hardman,*
      241 F.3d 544 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ashcroft v. Iqbal,*
      556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atlantic Corp. v. Twombly,*
      550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,*
      757 F.3d 1125 (10th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bronson v. Swensen,*
      500 F.3d 1099 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brownback v. King,*
      141 S. Ct. 740 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Carter v. United States,*
      667 F. Supp. 2d 1259 (D. Kan. 2009) . . . . . . . . . . . . . . . . . . . . . .9

*City of Eudora, Kan. V. Rural Water Dist. No. 4, Douglas Cty., Kansas,*
      875 F.3d 1030 (10TH Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . .16

*Clark v. Haas Grp., Inc.,*
      953 F.2d 1235 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Clay v. United Parcel Service, Inc.,*
      599 Fed. App'x 334 (10th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . .9

*Dias v. City and County of Denver,*
    567 F. 3d 1169 (10th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gann v. Cline,*
    519 F. 3d 1090 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . .8

*Garrett v. Selby, Connor, Maddux & Janer,*
    425 F.3d 836 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hall v. Bellmon,*
    935 F.2d 1106 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . .9

*Hatch v. Boulder Town Counsel,*
    471 F.3d 1142 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . .17

*Johnston v. Cigna Corp.*
    14 F.3d 486 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Kahler v. Leggitt,*
    2019 U.S. Dist. LEXIS 140937, 2019 WL 3928622
    (D. Colo. Aug. 20, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7,  8, 15

*Kahler v. Walmart Inc.,*
    2019 U.S. App. LEXIS 39227, 2019 WL 8301054
    (10th Cir. Oct. 11, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 7

*Kahler v. Walmart Inc.*
    2020 U.S. Dist. LEXIS 4221, 2020 WL 127974
    (D. Colo. Jan. 10, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*King v. Union Oil Co. of Calif.,*
    117 F.3d 443 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . .  19

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.,*
    847 F.3d 1221 (10th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

*MACTEC, Inc. v. Gorelick,*
    427 F.3d 821 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mitchell v. City of Moore, Okla.,*
    218 F.3d 1190 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Nwosun v. Gen. Mills Rest., Inc.,*
    124 F.3d 1255 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Ogden v. San Juan County,*
    32 F.3d 452 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Ridge at Red Hawk, L.L.C. v. Schneider,*
    493 F.3d 1174 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Satasky v. Paramount Communications, Inc.,*
    7 F.3d 1464 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Schubert v. Hood,*
    2014 U.S. Dist. LEXIS 16309, 2014 WL 546004,
    (N.D. Okla. Feb. 10, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Schwers v. City of Albuquerque,*
    685 F. App'x 721 (10th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Serna v. Webster,*
    757 F. App'x 721 (10th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Smith v. Kitchen,*
    156 F. 3d 1025 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . .13, 14

*Squire v. United Airlines, Inc.,*
    2000 U.S. App. LEXIS 5209 (10th Cir. March 28, 2000) . . . . . .20

*Utahns v. United States Dept. of Transportation,*
    305 F.3d 1152 (10th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Yang v. Archuleta,*
    525 F.3d 925 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Yapp v. Excel Corp.,*
    186 F.3d 1222 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wallin v. Dycus,*
>    2010 U.S. Dist. LEXIS 35071, 2010 WL 924232
>    (D. Colo. March 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Wilkes v. Wyo. Dep't. of Empl. Div. of Labor Stds.,*
>    314 F. 3d 501 (10th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . .18, 20

## STATUTES

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

29 U.S. C. § 621, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..  3

29 U.S. C. § 2615(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

42 U. S. C. § 12101, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

## RULES

Fed. R. Civ. P. 12 (b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 8

Fed. R. Civ. P. 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Fed. R. App. P. 28(a)(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Fed. R. App. P. 32(a)(5) and (6) . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Fed. R. App. P. 32(a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Fed. R. App. Pl. 34(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

10th Cir. R. 25.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

## OTHER AUTHORITIES

Restatement (Second) of Judgments, § 24 . . . . . . . . . . . . . . . . . . . . .  17

## STATEMENT OF PRIOR AND RELATED APPEALS

There are no prior or related appeals.

## JURISDICTIONAL STATEMENT

Ms. Kahler does not identify the order from which she is appealing or attach it to her opening brief. Walmart assumes that Ms. Kahler is appealing from the district court's order adopting the Magistrate's recommendation from Case No. 20-cv-01536 and/or Final Judgment and has attached those pleadings as Attachment Nos. 1 and 2. Assuming that Walmart's assumption is correct, this Court has jurisdiction over the appeal under 28 U.S.C. § 1291 because this is an appeal from a final judgment that disposes of all of Appellant's claims. The district court has jurisdiction over Case No. 20-cv-01536 pursuant to 28 U.S.C. § 1331 because Ms. Kahler asserted claims under the laws of the United States.

The caption of Ms. Kahler's Opening Brief also identifies Case No. 18-cv-03162. As discussed in more detail below, this is an earlier employment discrimination case filed by Ms. Kahler against Walmart and serves as the basis for the district court's finding that Ms. Kahler's claims are barred by the doctrine of res judicata. On September 23, 2019, Ms. Kahler filed a Notice of Appeal to this Court from the district court's Order Adopting Recommendation in Case No. 18-cv-03162. *See Kahler v. Walmart, Inc.* ["*Kahler I*"], Doc. 57, Case No. 19-1367 (10th Cir. 9/25/19). On October 11, 2019, Ms. Kahler's appeal was dismissed. *Id.,* Doc. 63.

1

*See Kahler v. Walmart Inc.,* 2019 U.S. App. LEXIS 39227, 2019 WL 8301054 (10th Cir. October 11, 2019).

## STATEMENT OF THE ISSUES

Whether Ms. Kahler waived any argument that the district court erred in finding that her claims are barred by the doctrine of res judicata.

Whether the district court properly dismissed Ms. Kahler's Complaint on the basis of res judicata because Ms. Kahler either did or could have brought her claims in a prior lawsuit against Walmart.

## STATEMENT OF THE CASE

On May 29, 2020, Ms. Kahler filed the present case, asserting wrongful discharge, failure to hire, disparate treatment, failure to accommodate and retaliation claims against Walmart. Complaint, Doc 1, Apdx. pp. 10-34.  The Complaint alleges, among other things, that Walmart interfered with her right to take leave under the Family Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2615(a)(1), retaliated against her for attempting to exercise her rights under the FMLA, discriminated against her on the basis of her age and disability in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.*, and retaliated against her for filing a Charge of Discrimination with the Equal Employment Opportunity Commission in violation of the ADEA and ADA. *Id.,* pp. 10 - 12 ¶¶ 35-47, Apdx. pp. 19-21.

3

On December 16, 2020, Walmart filed a Motion to Dismiss, asking the district court to (1) dismiss Ms. Kahler's discrimination and retaliation claims as barred by the doctrine of res judicata; and (2) dismiss Ms. Kahler's FMLA claims as barred by the doctrine of res judicata and the statute of limitations; and (3) dismiss all of Ms. Kahler's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) due to Ms. Kahler's failure to allege essential facts in support of her claims. Walmart's Motion to Dismiss, Doc. 40, Apdx. pp. 165-178.

Walmart's Motion to Dismiss was referred to the United States District Court Magistrate Judge.  On May 10, 2021, United States Magistrate Judge Kathleen M. Tafoya issued a Recommendation in which she recommended that the district court grant Walmart's Motion to Dismiss and dismiss this action in its entirety. Recommendation of Magistrate Judge, Doc. 57, Apdx. pp. 343-363.  Specifically, the Magistrate Judge recommended that Walmart's Motion to Dismiss be granted, in part, because Ms. Kahler previously brought an action against Walmart based on the same underlying facts, which the district court dismissed in 2019.  *Id., at 15,* Apdx p. 357.  *See also Kahler v. Leggitt,* 2019 U.S. Dist. LEXIS 140937,  2019 WL 3928622 (D. Colo. Aug. 20, 2019).

On August 17, 2021, the district court adopted the Recommendation. *See* Order Adopting May 10, 2021 Recommendation of Magistrate Judge Granting Defendant's Motion to Dismiss and Denying Plaintiff's Motion to Amend, Doc. 67,

Apdx. pp. 427-437.  The district court agreed that Ms. Kahler's claims are all barred by the doctrine of res judicata because they either were or could have been raised in Ms. Kahler's prior action against Walmart. *Id.,* p. 8, Apdx. p. 434 As a result, the district court dismissed the Complaint with prejudice as barred by the doctrine of res judicata.  On August 17, 2021, the Clerk entered Final Judgment in favor of Walmart and against Ms. Kahler. Final Judgment, Doc. No. 68, Apdx. pp. 438-439.

## STATEMENT OF THE FACTS

Ms. Kahler was employed as a fitting room/sales Associate at Walmart from May 14, 2014 until her discharge on April 3, 2016. Complaint, Doc. 1, at p. 7, ¶¶ 4 – 5, Apdx. p. 16.  In her Complaint, Ms. Kahler alleged that, shortly after she was hired, she "began to suffer from a work and age-related medical condition that required medical assistance." *Id.*, at pp. 7 - 8, ¶¶ 8 – 11, Apdx. pp. 16-17. Ms. Kahler alleged that, on February 20, 2015, she requested twelve (12) weeks of FMLA leave from Walmart's HR representative, as well as a second request to extend leave relating to knee surgery and recovery time. *Id.* at p. 8, ¶¶ 12 -15, Apdx. p.17. Ms. Kahler alleged that Walmart "rejected" her FMLA leave requests, on the basis that she was not eligible for leave. *Id.* at p. 8, ¶ 15, Apdx. p. 17.  Ms. Kahler alleged that she again requested FMLA leave in January and February 2016, and that Walmart denied her requests. *Id.* at 8, ¶ 16 – 18, Apdx. p. 17.  Ms. Kahler further alleged that

Walmart "illegally recorded" each of her "absences and tardies as unauthorized …," and engaged in illegal, retaliatory actions." *Id.*, at p. 9, ¶23, Apdx. p. 18.

According to the Complaint, Walmart terminated Ms. Kahler on April 3, 2016, for excessive absences and tardiness. Complaint, Doc. 1, at p. 9, ¶ 24, Apdx. p. 18. She was allegedly told that she was eligible to re-apply for employment after thirty (30) days. *Id.*, at p. 9, ¶ 26, Apdx. p. 18. Ms. Kahler alleged that she reapplied on the Walmart website on May 4, 2016 and continued to reapply every sixty (60) days thereafter. *Id.*, at p. 9, ¶ 27, Apdx. p. 18. Ms. Kahler also alleges that she attended an "open hiring" event hosted by Walmart, and was interviewed, but was not offered a job or given a reason for not being hired. *Id.*, at p. 10, ¶¶ 28 – 29, Apdx. p. 19. Ms. Kahler failed to identify any specific positions for which she claims Walmart should have hired her.

Nearly eleven months after her termination, on February 24, 2017, Ms. Kahler filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission. *Id.*, at p. 10, ¶ 30, Apdx. p. 19. Walmart responded to the EEOC Charge on March 16, 2017, allegedly indicating that it would "not be open to mediation." *Id.,* p. 10, ¶ 31, Apdx. p. 19. On September 16, 2018, Ms. Kahler received notice of her right to sue from the EEOC. *Id.* at p. 10 ¶ 33, Apdx. p.19.

Three months later, on December 10, 2018, Ms. Kahler filed suit against Walmart and its store manager, Jonna Leggitt, asserting claims under the ADA, the

ADEA, and Title VII for wrongful discharge, failure to hire, failure to promote, and retaliation. *Kahler v. Walmart Inc.* ["*Kahler I*"], No. 1:18-cv-03162-WJM-KMT, 2019 U.S. Dist. LEXIS 140937, 2019 WL 3928622 (Aug. 20, 2019), *appeal dismissed* 2019 U.S. App. LEXIS 39227, 2019 WL 8301054 (10th Cir. Oct. 11, 2019). In *Kahler I,* Ms. Kahler's First Claim for Relief alleged:

> Wrongful termination/family leave absence denied.

> Failure of defendant to rehire after wrongful termination. Please see attached copy of EEOC charge and details.

> Wrongful termination is based on defendant's refusal to authorize a family leave absence which led to what they considered "excessive absences" [sic] Plaintiff had exemplary attendance and work ethic. Walmart's change in policies at that time led to wrongful termination of many excellent employees, according to Human Resources staff.

Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint, p. 4, ¶ 6, Doc. 40, Apdx. p. 168. Ms. Kahler's Second Claim for Relief alleged a "failure to rehire," and checked boxes for "failure to hire," "failure to promote," "failure to accommodate disability," "retaliation," and "hired less qualified," based upon her age and alleged disability. *Id.,* p. 4, ¶ 7, Apdx. p 168. As factual support for her claim, Ms. Kahler alleged:

> Failure to rehire/hired less qualified.

> After wrongful termination, defendant hired three employees in plaintiff's department who were all younger and less experienced/less qualified than the plaintiff. Defendant has continued to deny employment at every open hiring and every application opportunity. Plaintiff

7

> was passed over for promotion to Assistant Department Manager, a much younger less experienced man was hired. After age- and work-related knee surgery, plaintiff was not allowed to use carts for greater mobility and load carrying. Employees were required to park past the third light-post, much further from store, which led to longer walk to clock in. Defendant failed to recognize any disability.

*Id.*

Ms. Kahler's claims in *Kahler I* were ultimately dismissed on August 20, 2019. *Kahler I*, 2019 U.S. Dist. LEXIS 140937, 2019 WL 3928622, at *11. Final judgment was entered against Ms. Kahler on January 10, 2020, and the *Kahler I* case was dismissed. *Kahler I*, 2020 U.S. Dist. LEXIS 4221, 2020 WL 127974, at *5 (D. Colo. Jan. 10, 2020).[1]

## **STANDARD OF REVIEW**

A district court's grant of a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo. *Dias v. City and County of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009); *Gann v. Cline,* 519 F.3d 1090, 1092 (10th Cir. 2008); *Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (2007). The court accepts

---

[1] The claims against Jonna Leggitt were dismissed with prejudice, for failure to establish grounds for personal liability under any relevant statute. *Kahler I*, 2019 U.S. Dist. LEXIS 140937, 2019 WL 3928622, at *4. Ms. Kahler's wrongful termination claim against Walmart was dismissed with prejudice as time-barred, the age-based failure to rehire claim was dismissed for failure to satisfy the requisite pleading standard, and the ADA and retaliation claims were dismissed for failure to exhaust administrative remedies. *Id.* at *4-9.

all facts pleaded by the non-moving party as true and draws any reasonable inferences in favor of the non-moving party. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Because Ms. Kahler is pro se, her filings should be construed liberally. The Court, however, must not construct arguments or otherwise advocate on Ms. Kahler's behalf. *Clay v. United Parcel Service, Inc.*, 599 Fed. App'x 334, 335 (10th Cir. 2015) (*citing Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991)). Also, "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San*

*Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Rule 28 requires that a brief "must contain … more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). When a pro se party fails to comply with Rule 28, the Court "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Issues that are not adequately addressed, as in this case, are deemed waived. *Utahns v. United States Dept. of Transportation*, 305 F.3d 1152, 1175 (10th Cir. 2002).

## <u>SUMMARY OF ARGUMENT</u>

Ms. Kahler's opening brief focuses on the merits of her underlying claims and only devotes a few sentences to the district court's dispositive finding that her claims are barred by the doctrine of res judicata. Without citing any authority, Ms. Kahler asserts that the doctrine of res judicata should be "inferior" to the laws prohibiting employment discrimination and that claims dismissed without prejudice cannot be barred by the doctrine of res judicata. *See* Appellant/Petitioner's Opening Brief, Doc. 010110692679, p. 20. In addition to being incorrect statements of law and only vaguely referenced in Ms. Kahler's Opening Brief without any analysis whatsoever, these assertions were not presented to the district court in Ms. Kahler's Objection or Amended Objection to the Magistrate's Recommendation and should not be considered on appeal. *See* Plaintiff's Objection to Magistrate Judge Tafoya's

Recommendation on Dismissal and Leave to Amend Complaint, Doc. 58, Apdx pp. 364 – 386; Amended Objection to Magistrate Judge Tafoya's Recommendation on Dismissal and Leave to Amend Complaint, Doc. 61, Apdx. pp. 389-404.  Nor does Ms. Kahler's opening brief comply with the Federal Rules of Appellate Procedures by identifying the errors committed by the district court or the specific order(s) being appealed, with appropriate citations to the record. As a result, Ms. Kahler has waived any argument that the district court erred by finding that Ms. Kahler's claims are barred by the doctrine of res judicata.

Further, the district court correctly found that all of Ms. Kahler's claims either were or could have been litigated in her prior action against Walmart that ended in a final judgment in Walmart's favor.  All elements of claim preclusion are met in this case – a final judgment on the merits in an earlier action, identity of the parties or privies in the two suits, and the identity of the cause of action.  The district court correctly found that Ms. Kahler's claims are barred by the doctrine of res judicata, that Walmart's Motion to Dismiss should be granted, and that Ms. Kahler's Complaint should be dismissed.  As a result, this Court should affirm the dismissal of Ms. Kahler's claims.

# ARGUMENT

**1.    Ms. Kahler waived any argument that the district court erred in finding that her claims are barred by the doctrine of res judicata.**

Ms. Kahler's opening brief does not identify the order(s) from which she appeals, present any substantive argument or analysis challenging the district court's finding that her claims are barred by the doctrine of res judicata, or support any of her factual representations with citations to the record. The Federal Rules of Appellate Procedure specify that an opening brief "must contain" the "appellant's contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies," as well as "for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(8).  This Court routinely "decline[s] to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."). Although this Court "liberally construe[s] pro se filings," it "do[es] not assume the role of advocate" or "excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Yang* 525 F.3d at 927 n.1 (internal quotation marks omitted). Because Ms. Kahler has failed to present any argument as to how the district court erred in finding her claims barred by the doctrine of res judicata, the Court should deem this issue waived and

affirm the district court's grant of Walmart's Motion to Dismiss and entry of judgment in Walmart's favor. *Schwers v. City of Albuquerque*, 685 F. App'x 670, 671–72 (10th Cir. 2017); see also *Serna v. Webster*, 757 F. App'x 721, 724 (10th Cir. 2018).

Further, the only arguments made by Ms. Kahler regarding the Court's res judicata findings were not made by Ms. Kahler in her Objection or Amended Objection to the Magistrate's Recommendation. *See* Plaintiff's Objection to Magistrate Judge Tafoya's Recommendation on Dismissal and Leave to Amend Complaint, Doc. 58, Apdx pp. 364–386; Amended Objection to Magistrate Judge Tafoya's Recommendation on Dismissal and Leave to Amend Complaint, Doc. 61, Apdx. pp. 389-404. Specifically, she did not assert that res judicata should not be applied in employment discrimination cases, or that the dismissal of claims in *Kahler I* could not support a finding of claim preclusion.[2] As a result, the district court did not address such assertions in the Order Adopting May 10, 2021 Recommendation of United States Magistrate Judge. *See* Doc. 67, pp. 5 – 6, Apdx. pp. 431-432. It is well established that "[i]ssues not raised in plaintiff's objections to the magistrate judge's recommendation are waived on appeal." *See Smith v. Kitchen*, 156 F.3d

---

[2] The only argument made by Ms. Kahler in her Amended Objection is that the Court's dismissal of *Kahler I* was not a final judgment on the merits because "inadequate pleading or failure to exhaust administrative remedies is not based on an essential issue." Objection to Magistrate Judge Tafoya's Recommendation on Dismissal and Leave to Amend Complaint, Doc. 58, Apdx. p. 364-386.

1025, 1029 (10th Cir. 1997). As Ms. Kahler did not raise these arguments in her Objections so they could be considered by the district court, she has waived these arguments and they cannot be considered on appeal.

> ### 2. The district court correctly found that Ms. Kahler's claims are barred by the doctrine of res judicata.

Even if this Court determines that Ms. Kahler has sufficiently presented and preserved an argument that the district court erred in finding her claims barred by the doctrine of res judicata, the Court should affirm the district court's order granting Walmart's Motion to Dismiss and entering judgment for Walmart.

"The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (brackets and internal quotation marks omitted). Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* If all three elements are met, claim preclusion is appropriate, "unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in a prior suit." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (*quoting Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

The district court properly found that res judicata bars Ms. Kahler from bringing her claims against Walmart. First, in *Kahler I,* the District Court's ruling on Walmart's Rule 12(b)(6) Motion to Dismiss was a final judgment on the merits. *See Brownback v. King*, 141 S. Ct. 740, 748 (2021)("A ruling under Rule 12(b)(6) concerns the merits."). Specifically, in *Kahler I*, Ms. Kahler's age-based wrongful termination claim, which was also purportedly predicated upon Walmart's "refusal to authorize a family leave absence," was dismissed with prejudice as time-barred. *Kahler I*, 2019 U.S. Dist. LEXIS 140937, 2019 WL 3928622, at *5; *see Johnston v. Cigna Corp.*, 14 F.3d 486, 493 (10th Cir. 1993) ("A decision by a federal court adjudging a claim to be time barred is a final judgment on the merits[.]"). Ms. Kahler's age-based failure to rehire claim was dismissed without prejudice for inadequate pleading, while Ms. Kahler's remaining claims were dismissed without prejudice for failure to exhaust administrative remedies. *Kahler I*, 2019 U.S. Dist. LEXIS 140937, WL 3928622, at *5-9. *See Wallin v. Dycus*, No. 07-cv-00318-WDM, 2010 U.S. Dist. LEXIS 35071, 2010 WL 924232, at *7 n.8 (D. Colo. Mar. 10, 2010) ("[A] dismissal for failure to state a claim upon which relief can be granted is treated as a judgment on the merits, and is therefore entitled to preclusive effect."); *Schubert v. Hood*, No. 13-CV-225-JED-FHM, 2014 U.S. Dist. LEXIS 16309, 2014 WL 546004, at *4 (N.D. Okla. Feb. 10, 2014) (holding that the doctrine of res judicata barred the plaintiff's assertion of claims which were "identical to the claims

asserted and [previously] dismissed without prejudice" for failure to exhaust administrative remedies); see also Fed. R. Civ. P. 41(b) (stating that a dismissal "operates as an adjudication on the merits," unless it is a dismissal for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19"). Accordingly, the district court properly found that the first element of res judicata was met. *See* Order Adopting May 10, 2021 Recommendation of United States Magistrate Judge, Doc. 67, pp. 5 – 6, Apdx. pp. 431-432.

As to the second element, res judicata "is applicable only to parties to the first action or their privies." *Satasky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993). Here, Ms. Kahler and Walmart were opposing parties in *Kahler I*. Thus, the district court properly found that the second element is also satisfied. *See* Order Adopting May 10, 2021 Recommendation of United States Magistrate Judge, Doc. 67, p. 6, Apdx. p. 432.

As to the third element, the Tenth Circuit uses a "transactional approach" to determine whether there is "identity of the cause of action in both suits." *City of Eudora, Kan. V. Rural Water Dist. No. 4, Douglas Cty., Kan.*, 875 F.3d 1030, 1035 (10th Cir. 2017); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred

16

from subsequent litigation." *Lenox,* 847 F.3d at 1240, (*quoting Nwosun*, 124 F.3d at 1257). What constitutes "the same transaction" must be "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (*quoting* Restatement (Second) of Judgments § 24).

In *Kahler I*, Ms. Kahler alleged that Walmart discriminated and retaliated against her on the basis of age and disability, by among other things, "refus[ing] to authorize a family leave absence," failing to promote her, treating her differently than "younger and less experienced/less qualified" employees, refusing to accommodate her disability, terminating her employment, and failing to rehire her after she was terminated. *See* Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint, p. 4, ¶¶ 6, 7, Doc. 40, Apdx. p. 168. In other words, Ms. Kahler's claims from *Kahler I* related to her termination, as well as to Walmart's conduct leading up to, and immediately following, her termination. In the present lawsuit, Ms. Kahler once again alleges that Walmart discriminated and retaliated against her on the basis of age and disability, by denying her FMLA leave request, engaging in disparate treatment, refusing to accommodate her disability, terminating her employment, and refusing to rehire her. *See* Complaint, Doc 1, pp. 3 – 4, Apdx.

17

pp 12-13.  Given that these claims were all previously asserted in *Kahler I*, the district court correctly found that Ms. Kahler is precluded from raising them again in this subsequent lawsuit.  Again, Ms. Kahler does not appeal this finding in her Opening Brief.

Further, while Ms. Kahler did not assert FMLA interference and retaliation claims in *Kahler I*, these claims are also part of the same cause of action as her earlier suit.  As in *Kahler I*, all claims are predicated upon the termination of her employment, as well the events leading up to and following her termination.  *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000)("[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.").  In *Kahler I*, Ms. Kahler based her wrongful termination claim, in part, on Walmart's alleged "refusal to authorize a family leave of absence."  *See* Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint, p. 4, ¶¶ 6, 7, Doc. 40, Apdx. p. 168.  *See Wilkes v. Wyo. Dept't of Empl. Div. of Labor Stds.,* 314 F. 3d 501, 505 (10th Cir. 2002),  ("[W]e are not free to transactionally distinguish wrongful termination claims from those claims arising out of the employment but before and unrelated to the discharge.").  In *Kahler I* and this case, Ms. Kahler has alleged adverse employment actions taken by Walmart that relate to alleged events prior to, surrounding and after her discharge.  Thus, the "resolution of both complaints would require 'a determination of the

propriety of the employer's motivation in discharging the employee.'" *King v. Union Oil Co. of Calif.*, 117 F.3d 443, 446 (10th Cir. 1997). In addition, the facts purportedly supporting Ms. Kahler's "new" retaliation claim under the FMLA substantially overlap with the facts supporting her claims in *Kahler 1*. *See King*, 117 F.3d at 445 (holding that an employer's decision to terminate an employee, and its subsequent decision to refuse to pay severance benefits, were part of a "series of connected transactions," and thus, the employee's initial discrimination and retaliation claims barred his subsequent ERISA claim, where both events "arose as a result of [the employee]'s termination," and where the employee's "decision to bring the first suit formed the basis for [the employer]'s ultimate decision to deny [the employee]'s claim for severance benefits"). *See also Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (holding that a plaintiff's prior claim for unpaid overtime compensation barred her subsequent claims for age discrimination and denial of equal pay, because "the various 'claims' and legal theories were predicated exclusively on [the plaintiff]'s employment relationship with [her employer"]). Thus, the district court properly found that Ms. Kahler's claims were or could have been litigated in *Kahler I*. *See* Order Adopting May 10, 2021 Recommendation of United States Magistrate Judge, Doc. 67, pp. 6 - 8, Apdx. pp. 432-434. Ms. Kahler does not challenge this finding on appeal.

Ms. Kahler asserts, however, that the district court erred because res judicata should be "inferior" to the laws prohibiting discrimination. The Tenth Circuit, however, has repeatedly applied the doctrine of res judicata to cases under Title VII, the ADEA and the ADA. See *Wilkes,* 314 F.3d at 501 ("We hold that Wilkes' Title VII claim is barred by the doctrine of claim preclusion."); *Squire v. United Airlines, Inc.*, No. 99-1159, 2000 U.S. App. LEXIS 5209 (10th Cir. Mar. 28, 2000)(holding that res judicata precluded employees ADA claims); C*lark,* 953 F.2d at 1235(applying res judicata to find ADEA action barred by employee's prior FLSA action against same employer). Ms. Kahler's argument is contrary to controlling authority, is without merit, and should be rejected by this Court.

## <u>CONCLUSION</u>

The district court properly adopted the Magistrate's Recommendation that Walmart's Motion to Dismiss should be granted and that Ms. Kahler's Complaint should be dismissed with prejudice. Walmart respectfully requests that this Court affirm the district court's grant of Walmart's Motion to Dismiss and entry of Final Judgment in Walmart's favor on all claims.

DATED this 7th day of July 2022.

Respectfully submitted,

s/  *J. Mark Baird*
BAIRD QUINN LLC
J. Mark Baird
Beth Doherty Quinn
2036 East Seventeenth Street
Denver, CO  80206
Telephone: (303) 813-4500
Facsimile:  (303) 813-4501
E-Mail:        jmb@bairdquinn.com
                    bdq@bairdquinn.com

 *Attorneys for Defendant-Appellee
Walmart Inc.*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is not needed in this case because there are no novel or complex legal issues, and all claims may be sufficiently disposed of on the briefs. *See* Fed. R. App. P. 34(a)(2)(C). Appellee therefore respectfully requests that this matter be submitted on briefs.

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

> This brief contains  4,715 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in a proportionally spaced typeface using Microsoft 356 Word Version  in Times New Roman 14.

DATED this 7th day of July 2022.

Respectfully submitted,

s/ *J. Mark Baird*
BAIRD QUINN LLC
J. Mark Baird
Beth Doherty Quinn
2036 East Seventeenth Street
Denver, CO  80206
Telephone: (303) 813-4500
Facsimile:  (303) 813-4501
E-Mail:     jmb@bairdquinn.com
            bdq@bairdquinn.com

 *Attorneys for Defendant-Appellee Walmart Inc.*

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

I hereby certify that with respect to the foregoing:

1.    All required privacy redactions have been made per 10th Cir. R. 25.5;

2.    Paper copies of the Brief of Appellee submitted to the Tenth Circuit Court of Appeals are exact copies of the version being submitted electronically; and

3.    The Brief of Appellee has been scanned for viruses using Bitdefender, last updated on June 27, 2022 at 1:09 P.M. (MST), and according to the program is free of viruses.

DATED this 7th day of July 2022

Respectfully submitted,

s/ *J. Mark Baird*
BAIRD QUINN LLC
J. Mark Baird
Beth Doherty Quinn
2036 East Seventeenth Street
Denver, CO  80206
Telephone: (303) 813-4500
Facsimile:  (303) 813-4501
E-Mail:     jmb@bairdquinn.com
            bdq@bairdquinn.com

*Attorneys for Defendant-Appellee Walmart Inc.*

24

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of July 2022, a true and correct copy of the foregoing BRIEF OF APPELLEE was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the Court's appellate CM/ECF system.

I certify that a true and correct copy of the foregoing BRIEF OFAPPELLEE was served via United States Mail and electronic email, postage prepaid, upon the following:

Mary Lee Kahler
marykahler@msn.com

*Pro Se Appellant*

Further, I CERTIFY that seven (7) copies of the foregoing document will be hand delivered to the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit within five (5) business days upon the Court's issuance of notice of compliance.

*/s/ J. Mark Baird*
J. Mark Baird, #22276
BAIRD QUINN LLC